UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOREN JOHNSON,

        Plaintiff,                                       Hon. Paul L. Maloney

v.                                                    Case No. 1:24-cv-427

AIRLIFE, LLC,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

      Plaintiff Loren Johnson, proceeding pro se, filed a complaint on Apіl 25, 2024, alleging that his former employer, AirLife, LLC (AirLife), violated Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.*, the Michigan Elliott–Larsen Civil Rights Act (ELCRA), Mich. Comp. Laws. § 37.2101 *et seq.*, and 42 U.S.C. § 1981 by subjecting him to harassment and discrimination during his employment, which ultimately culminated in a discharge. (ECF No. 1.) On August 22, 2024, SunMed LLC (SunMed) filed motion to intervene and dismiss, claiming that AirLife does not exist as a legal entity and thus never employed Plaintiff. Rather, SunMed asserted that it had employed Plaintiff. (ECF No. 8.) Plaintiff responded by amending his complaint as of right to name SunMed Group Holdings, LLC d/b/a AirLife as the Defendant and filing a response to the motion. (ECF No. 10.) On October 24, 2024, I instructed the Clerk to accept the amended complaint as the operative pleading, granted SunMed's motion to intervene, ordered Plaintiff to file an amended complaint naming SunMed as the proper Defendant, and dismissed SunMed's motion to dismiss without prejudice. (ECF No. 14.) Plaintiff filed his second amended complaint naming SunMed on November 7, 2024. (ECF. No. 15.)

Presently before me is SunMed's partial motion to dismiss, which requests dismissal of Plaintiff's Title VII (Count I) and ELCRA (Count II) claims on the grounds that those claims are untimely. (ECF No. 16.) The motion is fully briefed and ready for decision. Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **DENY** the motion.

## I. Background

Plaintiff, who is African-American, alleges that he was employed by SunMed from December 2020 through October 2021, first as a Territory Analyst and then as an Inside Sales Representative. (ECF No. 15 at PageID.95.) Plaintiff alleges that, during his employment, the Senior Account Manager and Senior Vice President of Sales subjected him to harassment, discrimination, and retaliation based on his race.[1] (*Id.* at PageID.95–96, 107–08.) Plaintiff claims that, although he was the top performer in the Inside Sales Department, he was treated differently than other employees, as he was assigned more work than his white coworkers and was treated differently because of his race with regard to SunMed's enforcement of its attendance policies. (*Id.* at PageID.105–06.) Plaintiff also alleges that, despite his excellent performance, management ignored his performance and recognized lower-performing white coworkers. (*Id.* at PageID.102–03.)

On September 20, 2021, Plaintiff received a "Written Warning" for arriving to work 25 minutes late due to being stuck in accident-related traffic. Plaintiff expressed his disagreement with the warning due to more lenient treatment his white counterparts received as to the attendance policies. Plaintiff said that he would need to review the warning before signing it. (*Id.* at PageID.105–06.) On September 22, 2021, Plaintiff contacted SunMed's Senior HR Generalist

---

[1] In his original complaint, Plaintiff also alleged discrimination based on sex. (ECF No. 1 at PageID.1.)

regarding the warning, complaining of disparate treatment, intentional discrimination, and harassment by the Senior Vice President of Sales and the Sales Manager of Inside Sales. Plaintiff was told that he was not required to sign the written warning if he did not agree with it, but he would be held to its requirements, and it would still be placed in his file. (*Id.* at PageID.106.) The HR Generalist also advised Plaintiff that he would not be terminated without a "Final Written Warning" first being issued. (*Id.*) On October 4, 2021, Plaintiff was terminated following a brief meeting with the Senior Vice President of Sales, the Sales Manager of Inside Sales, and the Vice President of Human Resources. Plaintiff alleges that, although the termination letter stated that he was fired due to his poor attitude and poor attendance, he had not violated the requirements of the written warning and he was still the clear top performer on the team. He alleges that, in reality, SunMed's management used poor attendance and attitude as a pretext to terminate him due to intentional discrimination based on his race. (*Id.* at PageID.107.)

## II.  Discussion

As noted, SunMed contends that Plaintiff's Title VII and ELCRA claims are untimely. Although the statute of limitations is an affirmative defense, if the allegations in a complaint show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012); *see also Pierce v. Oakland Cnty.*, 652 F.2d 671, 672 (6th Cir. 1981) (per curiam) (noting that "that an affirmative defense is not waived, even though not specifically pleaded, where the defense clearly appears on the face of the pleading and is raised in a motion to dismiss").

3

A.     Title VII

As set forth in the Determination and Notice of Right to Sue that the Equal Employment Opportunity Commission (EEOC) sent Plaintiff on January 23, 2024 (ECF No. 15 at PageID.113), he had 90 days within receipt to file an action in federal or state court. *See* 42 U.S.C. § 2000e-5(f)(1) ("If a charge filed with the Commission . . . is dismissed by the Commission . . . the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge. . . ."); *Minor v. Northville Pub. Sch.*, 605 F. Supp. 1185, 1189 (E.D. Mich. 1985). The 90-day filing deadline acts as a statute of limitations. *Austion v. City of Clarksville*, 244 F. App'x 639, 648 (6th Cir. 2007) ("Once the administrative agency notifies the plaintiff of the dismissal of the charge by issuing a right-to-sue letter, the plaintiff has 90 days to file a civil action."); *Gui v. Inkster Sch. Dists.*, No. 12-15654, 2013 WL 1282020, at *3 (E.D. Mich. Mar. 27, 2013) ("Any action not commenced within ninety days of receiving a right-to-sue notice will be time barred."). "The federal courts have strictly enforced Title VII's ninety-day statutory limit." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000).

In his original complaint, Plaintiff alleged that he received the Notice of Right to Sue on January 24, 2024. (ECF No. 1 at PageID.3.) By this admission, Plaintiff's Title VII claim would be untimely because he filed it 92 days after receipt of the Notice of Right to Sue. Because the ninety-day limit is strictly applied, a court must dismiss a suit "[e]ven where a plaintiff misses the filing deadline by only one day . . . ." *McKibben v. Hamilton Cnty.*, No. 99–3360, 2000 WL 761879, at *3 (6th Cir. May 30, 2000) (citing *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 646 (6th Cir. 1998); *Goodman v. City Prods. Corp., Ben Franklin Div.*, 425 F.2d 702, 703-04 (6th Cir. 1970)). The Sixth Circuit has held that "[u]nder federal law, stipulations and admissions in the pleadings are generally binding on the parties and the Court." *Ferguson v. Neighborhood Hous. Servs. of*

4

*Cleveland, Inc.*, 780 F.2d 549, 551 (6th Cir. 1986) (internal quotation marks omitted); *see also Cooper v. Carl A. Nelson & Co.*, 211 F.3d 1008, 1014 (7th Cir. 2000) ("As a general proposition, a district court has the discretion to treat an allegation in a party's pleading as a judicial admission."). A party's judicial admission removes the particular fact from contention and obviates the need for proof on the subject. *See Ferguson*, 780 F.2d at 550–51 (citing *Seven-Up Bottling Co. v. Seven-Up Co.*, 420 F. Supp. 1246, 1251 (E.D. Mo. 1976), *aff'd*, 561 F.2d 1275 (8th Cir. 1977)). But Plaintiff omitted this allegation in both his amended complaint and his second amended complaint. (ECF No. 10 at PageID.59; ECF No. 15 at PageID.97.) As courts in the Sixth Circuit have observed, "abundant caselaw . . . suggests that judicial admissions in complaints are superseded by amended complaints, as a matter of course." *LaCroix v. Nachtreib*, No. 22-12936, 2023 WL 8649816, at *4 (E.D. Mich. Dec. 13, 2023). And as the court noted in *Woodard v. Etue*, No. 18-12560, 2019 WL 3842907 (E.D. Mich. Aug. 15, 2019), "[a]n amended complaint supersedes all prior complaints," meaning that "the prior complaint becomes a 'nullity.'" *Id.* at *3 (quoting *B&H Med., LLC v. ABP Admin., Inc.*, 526 F.3d 257, 268 n.8 (6th Cir. 2008)). Thus, "even if the first complaint's factual allegations amount to judicial admissions, the admissions are withdrawn by the amendment." *Id.* The Sixth Circuit has endorsed this rule: "Factual assertions in pleadings . . . , *unless amended*, are considered judicial admissions conclusively binding on the party who made them." *Kay v. Minacs Grp. (USA), Inc.*, 580 F. App'x 327, 331 (6th Cir. 2014) (italics added) (quoting *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988)). Accordingly, SunMed may not rely on Plaintiff's admission in his original complaint to support its motion.

A question remains as to whether Plaintiff's second amended complaint naming SunMed relates back to the original complaint. If not, Plaintiff's Title VI claim would not be timely. As

both parties recognize, the Sixth Circuit has held that there is a rebuttable presumption of receipt of a Right-to-Sue Letter five days after mailing. *Graham-Humphreys*, 209 F.3d 552, 557 (6th Cir. 2000). Applying the presumption, receipt would have occurred as of January 29, 2024, but Plaintiff did not file his second amended complaint until November 7, 2024, clearly beyond the 90-day period. The question, then, is whether the second amended complaint relates back to the original complaint.

> Federal Rule of Civil Procedure 15(c)(1) specifies that a pleading relates back when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c).

Here, Plaintiff's second amended complaint asserted the same claims as the original complaint and changed the party or naming of the party against whom the claims were asserted. That is, Plaintiff erroneously named AirLife, LLC as his employer and sought to change the proper Defendant to SunMed LLC (after initially erroneously amending to substitute SunMed Group Holdings, LLC d/b/a AirLife as the proper Defendant). As for the Rule 15(c)(1)(C) requirements, there is little question that SunLife had notice of the action within the time for service under Rule 4(m), as it sought to intervene in this action as Plaintiff's former employer shortly after learning

6

of Plaintiff's attempt to serve AirLife, which SunMed explained was a non-existent entity. (ECF No. 8 at PageID.41–42.) In addition, Plaintiff filed his EEOC charge against SunMed but filed the initial complaint against AirLife. (ECF No. 25 at PageID.163.) These circumstances indicate that SunLife had constructive notice of the suit. *See Anderson v. Tennessee Quadel Consulting Corp.*, No. 16-cv-02652, 2017 WL 3431398, at *3 (W.D. Tenn. Aug. 9, 2017) (noting that courts have concluded that a party named in an EEOC charge of discrimination but not named in a subsequent judicial complaint had constructive notice of the suit for purposes of Rule 15(c), simply by virtue of being named in the administrative charge").

Finally, it is well established that Rule 15(c)(1)(C) permits a party's amendment to relate back where the party seeks only to substitute a correct party for a previously-improperly named defendant due to a mistake. *See Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 557 (2010). In *Krupski*, the plaintiff named Costa Cruise as a defendant instead of its related entity, Costa Crociere. The Court observed that no mistake occurs for purposes of Rule 15(c)(1)(C)(ii) where a plaintiff makes "a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties," *id.* at 549, but knowledge of "a party's existence does not preclude [him] from making a mistake with respect to that party's identity." *Id.* In other words, "a plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression." *Id.*

The court in *Reed v. U.S. Bancorp*, No. 1:12-cv-344, 2013 WL 1249231 (E.D. Tenn. Mar. 26, 2013), found that the plaintiff's proposed amended complaint related back under circumstances that were similar to those at issue here. As in this case, the plaintiff in *Reed* listed one entity, U.S. Bank National Association, as her employer in her EEOC charge, but named a different entity,

7

U.S. Bancorp, as the defendant in her subsequent lawsuit. *Id.* at *1. The plaintiff initially amended her complaint to add U.S. Bank National Association as a defendant but subsequently moved to amend a second time to substitute U.S. Bank National Association for U.S. Bancorp in response to the defendant's motion to dismiss. The court found it clear that the plaintiff was attempting to sue the correct party rather than add a new party against whom she could assert new claims. *Id.* at *4. The court also found that the plaintiff's decision to sue U.S. Bancorp—which had not been named in the EEOC complaint—was a mistake caused by confusion as to the correct party. *Id.* at *7.

Here, it is clear that Plaintiff made a mistake as to the correct identity of his employer. While at first he misidentified AirLife as his employer, he sought to correct that mistake through his first and second amended complaints by identifying the correct party. Accordingly, Plaintiff's second amended complaint relates back to his original complaint under Rule 15(c)(1), and at least for purposes of SunMed's instant motion, the Title VII claim is timely.

### B.      ELCRA Claim

SunMed contends that Plaintiff's ELCRA claims are barred by the applicable three-year statute of limitations because his claims accrued no later than October 4, 2021, but Plaintiff did not file his second amended complaint until November 7, 2024. (ECF No. 16 at PageID.127–28.) As noted above, Plaintiff's second amended complaint relates back to the date of his original complaint, which was filed on April 25, 2024, well within ELCRA's three-year limitations period. Therefore, I recommend that the Court also deny this aspect of SunMed's motion.

### III. Conclusion

For the reasons set forth above, I recommend that the Court **deny** Defendant's motion to dismiss Counts I and II of Plaintiff's second amended complaint. (ECF No. 16.)

Dated: January 28, 2025                    /s/ Sally J. Berens
                                           SALLY J. BERENS
                                           U.S. Magistrate Judge

### NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).